**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>APIRILIACO LIMITED, dba HoneyDaddy.com; et al.,<br><br>          Defendants-Appellants. | No.   17-55505<br><br>D.C. No.<br>8:16-cv-00795-JFW-JEM<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before:  GOULD, PARKER,** and MURGUIA, Circuit Judges.

The district court entered default judgment against Defendants-Appellants

Apiriliaco Ltd., Anatoli Feneridou, and E.C.A. Kartoir Secretarial Ltd.  Defendants

appeal that decision on various grounds.  We have jurisdiction under

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Barrington D. Parker, United States Circuit Judge for
the U.S. Court of Appeals for the Second Circuit, sitting by designation.

28 U.S.C. § 1291.  *Cf. Dreith v. Nu Image, Inc.*, 648 F.3d 779, 789 n.1 (9th Cir. 2011), *Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., LLC*, 346 F.3d 1193, 1195 (9th Cir. 2003).  We reverse and remand, with instructions to the district court to vacate the default judgment.

Plaintiff-Appellee Reflex Media, Inc. contends that it properly served process on Defendants in Cyprus—by service of process on Apiriliaco's and E.C.A. Kartoir Secretarial's principal place of business, and on Feneridou's domicile.  For the reasons that follow, we disagree and hold that Plaintiff did not make proper service of the summons and complaint on any of the defendants.  Although Cyprus "has not objected to service by mail," *see* U.S. State Dep't, *Judicial Assistance Country Information: Cyprus Judicial Assistance Information*, https://travel.state.gov/content/travel/en/ legal/Judicial-Assistance-Country-Information/Cyprus.html (last visited Nov. 20, 2018), "otherwise-applicable law" did not authorize service by mail in this case by the means used by Plaintiff, *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798, 803–04 (9th Cir. 2004)).  First, Plaintiff did not follow the procedure specified in the Hague Service Convention for serving process on international parties.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters arts. 3–6, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  Service was ineffective under Federal Rule of Civil

2

Procedure 4(f)(1) because Plaintiff did not follow the procedure specified in the Hague Service Convention.  Second, Plaintiff—not the district court clerk—mailed the summons and complaint to Defendants.  For this reason, service was ineffective under Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  Third, Plaintiff did not "obtain prior court approval" before mailing the summons and complaint to Defendants.  *Brockmeyer*, 383 F.3d at 805–06.  For this reason, service was ineffective under Federal Rule of Civil Procedure 4(f)(3).  *See id.*  Fourth and finally, in *Brockmeyer*, we interpreted an older but functionally equivalent version of Federal Rule of Civil Procedure 4(f)(2)(A).  Agreeing with the other courts that had considered the question, we held that Federal Rule of Civil Procedure 4(f)(2)(A) does "not authorize service of process by ordinary first class international mail."  *Id.* at 806–08.  Service was ineffective under Federal Rule of Civil Procedure 4(f)(2)(A).

Plaintiff alternatively contends that it properly served Defendants at a Nevada address.  Assuming *arguendo* that Defendants could properly be served at that address, service here was nonetheless ineffective, because Plaintiff mailed the complaint to the Nevada address, but did not attach the summons, as Federal Rule of Civil Procedure 4(c)(1) requires.

Because the "attempted service" here was ineffective, "the default judgment

against [Defendants] cannot stand." *Brockmeyer*, 383 F.3d at 809.[1]

**REVERSED** and **REMANDED**, with instructions to **VACATE** the judgment.

---

[1] We express no opinion on whether Plaintiff may properly serve Defendants. We hold only that Plaintiff has not done so to this point.